# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

MATTHEW DEBELLA,
    *Plaintiff*,

v.

VALDEMAR R. DUARTE, *et al.*,
    *Defendants*.

No. 3:17-cv-01560 (JAM)

## ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE

The principal question before me is whether judicial estoppel requires the dismissal of a civil rights action because of a plaintiff's failure to disclose the action in a bankruptcy petition. I recognize that the failure to disclose a court claim in a bankruptcy petition may often warrant dismissal of the action. But in light of the particular circumstances of this case, I conclude as a matter of equitable discretion that it would not be appropriate to invoke judicial estoppel to dismiss plaintiff's civil rights claim. Accordingly, I will deny defendants' motion to dismiss.

### BACKGROUND

On September 18, 2017, plaintiff Matthew DeBella filed this civil rights action against several defendant police officers from the City of Hartford alleging that they used excessive force against him during a traffic stop. DeBella is represented by attorney Jon Schoenhorn.

On June 26, 2018, DeBella filed for Chapter 7 bankruptcy with the assistance of bankruptcy attorney Susan Williams. In the schedule of assets accompanying his bankruptcy petition, DeBella did not disclose this civil rights action in response to a specific query whether he had any pending claims or lawsuits. On October 15, 2018, the bankruptcy court granted DeBella a full discharge of his debts of more than $200,000.

On November 28, 2018, defendants moved to dismiss this action on grounds that DeBella had failed to disclose it in his bankruptcy petition. Defendants argue that DeBella has no

1

standing to maintain this action (by virtue of his bankruptcy estate assuming ownership of all his undisclosed assets) and that this action is otherwise barred by judicial estoppel.

In response to this motion, DeBella promptly moved to reopen his bankruptcy, and on December 19, 2018, the bankruptcy court granted the motion to reopen in order to allow DeBella to file amended schedules to include this civil rights action. According to affidavits submitted by both DeBella and Attorney Williams, DeBella told Attorney Williams about this civil rights action but Attorney Williams neglected to include it in the initial bankruptcy schedule. Attorney Schoenhorn represents that he was not even aware that DeBella had filed for bankruptcy until defendants moved to dismiss this action on that basis. Now in light of the reopening of the bankruptcy proceedings, the bankruptcy trustee has attested that DeBella's estate has an interest in pursuing this civil rights action for the benefit of the estate's creditors.

## DISCUSSION

Defendants argue that DeBella lacks standing to maintain this action. In view of the trustee's representation that the bankruptcy estate is prepared to join in this action, I decline to dismiss this action for lack of standing, provided that the bankruptcy estate timely files a motion to join or substitute as party plaintiff. *See Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 795 (D.C. Cir. 2010).

Defendants further argue that this action should be dismissed on grounds of judicial estoppel. A party asserting judicial estoppel must show: (1) that the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding; (2) that this inconsistent position was adopted by the first tribunal in some manner, such as by rendering a favorable judgment; and (3) that the equities weigh in favor of estoppel. *See New Hampshire v. Maine*, 532 U.S. 742 (2001); *Clark v. AII Acquisition, LLC*, 886 F.3d 261, 266-67 (2d Cir. 2018).

There is no genuine dispute that the first two factors are established here—that DeBella took an inconsistent position by failing to disclose this action to the bankruptcy court and that the bankruptcy court rendered judgment in DeBella's favor by discharging his debts. The real issue is whether the overall equities nonetheless weigh in favor of dismissal. *See Clark*, 886 F.3d at 267 (equities did not warrant dismissal of plaintiff's personal injury action where he failed to disclose the action in a bankruptcy filing because the nondisclosure had at most a *de minimis* effect on the bankruptcy proceeding).

I conclude that the equities do not warrant dismissal here. To begin, I have no reason to doubt the representations of both DeBella and Attorney Williams that DeBella advised Attorney Williams of this action and that Attorney Williams failed to disclose the action due to negligence. *Cf. Baldayaque v. United States*, 338 F.3d 145 (2d Cir. 2003) (statute of limitations for filing of post-conviction relief motion subject to equitable tolling where client instructed attorney to timely file motion and attorney neglected to do so). Defendants have suffered no prejudice from Attorney Williams' error, and I don't think DeBella or any of his lawyers were trying to "game" the court system. In view of the bankruptcy trustee's position that the estate now intends to pursue this action for the benefit of DeBella's creditors, this is an additional factor that weighs against affording defendants a potential windfall from the dismissal of this action. All in all, "to hold on the facts of this case that [DeBella's] claims are barred by an equitable doctrine would be to deprive the concept of equity of any meaning." *Clark*, 886 F.3d at 268.

It is odd that neither party has cited the Second Circuit's decision in *Clark*, despite the fact that it is the Second Circuit's most recent and authoritative ruling on judicial estoppel in the context of a plaintiff who has failed to disclose a civil action on a bankruptcy petition. Instead,

the parties' briefing mostly focuses on cases from other federal courts of appeals as well as from various district courts. Thus, for example, defendants cite precedent applying judicial estoppel to dismiss a plaintiff's civil action even if if there was attorney error and even if the bankruptcy has been re-opened. *See, e.g.*, *Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1157-60 (10th Cir. 2007); *Azuike v. BNY Mellon*, 962 F. Supp. 2d 591, 598-600 (S.D.N.Y. 2013); *Esparza v. Costco Wholesale Corp.*, 2011 WL 6820022 (N.D. Ill. 2011). I am not convinced as a matter of equity that this should be so, at least in circumstances where the plaintiff is not legally sophisticated, where the facts do not circumstantially suggest a significant likelihood that the omission was the product of any intent to deceive (*e.g.*, where the plaintiff disclosed to bankruptcy counsel who in turn neglected to include the claim on the petition), and where the bankruptcy is subject to reopening and with the bankruptcy trustee standing prepared to protect the interests of creditors.

## CONCLUSION

Defendants' motion to dismiss (Doc. #29) is DENIED for reasons stated in this ruling. Defendants' motion to strike (Doc. #32) is DENIED as moot. The bankruptcy trustee shall move to join or substitute the bankruptcy estate as plaintiff by April 22, 2019.

It is so ordered.

Dated at New Haven this 1st day of April 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge